IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RUTH ANN HARE                                                                PLAINTIFF

v.                              No. 4:13-cv-87-DPM

LIBERTY LIFE ASSURANCE CO. OF
BOSTON; L'OREAL USA INC.; and
L'OREAL USA LONG TERM DISABILITY
PLAN                                                                       DEFENDANTS

ORDER

Hare has received treatment for pain and stiffness associated with fibromyalgia since she was diagnosed with the condition in 2004. For seven years she worked, despite the pain, as a chemist helper at L'Oreal. The job was physically demanding; Hare had to lift heavy objects, climb up and down stairs throughout the day, and operate big machines. She says a 2011 car accident increased her fibromyalgia pain to a level that made doing her chemist-helper job impossible. For a while, Hare received short-term disability benefits from the L'Oreal USA Long Term Disability Plan through Liberty Life—the plan underwriter and administrator. She applied for long-term disability benefits, but Liberty Life denied her application initially and again on appeal. She sues, seeking the benefits. Given Hare's complaints of pain, her long-standing diagnosis, and her doctors' opinions that she couldn't

work, did Liberty Life unreasonably deny Hare's application for lack of other hard evidence?

This ERISA plan gives Liberty Life discretion to interpret it. *R. at 41.* Under the circumstances, if Liberty Life's decision is reasonable—if it is supported by more than a scintilla, but less than a preponderance of the evidence—the Court won't disturb it. *King v. Hartford*, 414 F.3d 994, 998-99 (8th Cir. 2005). The Court reduces its deference somewhat, though, because of Liberty Life's dual role: it decides who gets benefits and pays those benefits out of its own pocket through a plan-funding insurance policy. *Metro Life Insurance v. Glenn*, 554 U.S. 105, 108 (2008).

**Objective Evidence**. Hare had to prove that she has fibromyalgia, and that the pain that comes with it makes her unable to perform the material duties of her occupation. *R. at 9.* Liberty Life's plan requires Hare to show her disability by objective evidence, including "chart notes, lab findings, test results, and x-rays[.]" *R. at 15.* For a fibromyalgia diagnosis, objective evidence comes in the form of an eighteen-point "trigger test." *Chronister v. Baptist Health*, 442 F.3d 648, 655 (8th Cir. 2006). A test result supports the diagnosis if eleven of eighteen particular points on the body are painful when

pressed. *Brosnahan v. Barnhart*, 336 F.3d 671, 672 (8th Cir. 2003). Dr. Ackerman, a pain specialist who treated Hare, said that she had eleven tender trigger points, "consistent with a diagnosis of fibromyalgia." *R. at 142*. And Dr. Jones, a treating rheumatologist, reported that all eighteen of the points were tender. *R. at 106*. The record therefore supports the diagnosis. Of course, not everyone diagnosed with fibromyalgia has disabling pain. Dr. Jones describes the condition as "typically nondisabling and nondisfiguring." *R. at 108*. But someone's fibromyalgia pain, if severe enough, could keep them from doing their job. *Morgan v. UNUM Life Insurance Co. of America*, 2002 WL 31095391 at *5 (D. Minn. 2002)(collecting cases); *Atkinson v. Prudential Insurance Co. of America*, No. 3:05-cv-140-JLH, № 28 at 12-14 (E.D. Ark. 14 June 2006).

No conclusive objective evidence exists that Hare's pain is disabling. Dr. Arnold, Hare's longtime physician, reported that Hare's cervical and lumbar range of motion are painful, *R. at 521*, but indicated that otherwise Hare is pain-free, has normal motor strength, and no swelling or atrophy. *Ibid.* This somewhat undercuts his alternative conclusions that Hare may never be able to work again under any circumstances or that she would be

severely limited in what she could do at work. *R. at 119 & 516-518.* Dr. Ackerman (the pain specialist) reported that Hare had no pain with range of motion of the cervical spine or lumbar spine and normal movement in all extremities. *R. at 147.* He instead noticed painful range of motion in Hare's hands, shoulders, hips, and knees. *Ibid.* He concluded that Hare should stop working permanently because of her whiplash disorder, rather than her fibromyalgia. *R. at 145.*

The two doctors' opinions, without objective evidence for support, aren't conclusive. *Darvell v. Life Insurance Co. of North America*, 597 F.3d 929, 935 (8th Cir. 2010). The proof on the pain issue is too thin. Liberty Life therefore didn't err by minimizing the weight given Dr. Arnold's and Dr. Ackerman's opinions, or by concluding that objective evidence didn't support a finding of disabling pain. Setting these doctors' conclusions aside, however, Liberty Life's analysis was incomplete.

**Subjective Evidence.** Fibromyalgia isn't like other disabling conditions; there's an objective test to diagnose it, but the associated pain for any given person is subjective. Only Hare knows how much she hurts, and whether that pain is disabling. Under this circumstance, "it would not be reasonable for

-4-

[Liberty Life] to rely solely upon objective evidence in assessing [Hare's] level of impairment." *Atkinson*, No. 3:05-cv-140-JLH, № *28 at 12-14*; *Abram v. Cargill, Inc.*, 395 F.3d 882, 887 n.3 (8th Cir. 2005). Hare's complaints of pain, and her credibility in making those complaints, need to be addressed. She has received treatment for fibromyalgia pain for nearly a decade. The plan administrator has never suggested she was malingering or exaggerating. Because of her positive diagnosis, Liberty Life erred by not addressing Hare's complaints of pain, whether those complaints are credible, and if so, whether the pain is disabling.

**Reviewing Physician.** Liberty Life's denials leaned on the opinion of a reviewing physician—Dr. Shatzer. Liberty Life isn't obligated to give less weight to Dr. Shatzer because he is a non-treating physician. *McGee v. Reliance Standard Life Ins. Co.*, 360 F.3d 921, 925 (8th Cir. 2004). But, as with Drs. Arnold and Ackerman, the plan administrator can't accept Dr. Shatzer's opinions "without considering whether [his] conclusions follow logically from the underlying medical evidence." *Abram*, 395 F.3d 887.

Dr. Shatzer disagreed that the record supported Hare's fibromyalgia diagnosis. *R. at 311.* He concluded that Hare suffered only "chronic pain and

a very mildly decreased range of motion of the cervical spine secondary to degenerative disease of the cervical spine." *R. at 314.* In his report, he made only passing mention of Dr. Jones's objective pain findings, and concluded that there were "no physical examination findings which support diagnosis." *R. at 314.* Dr. Shatzer didn't review Dr. Arnold's reports, including the positive trigger-point test. *№ 21 at 12 n. 14.* He overlooked Dr. Ackerman's trigger-point test results too. And his report misstated Dr. Ackerman's diagnosis — Dr. Ackerman never concluded that Hare didn't have fibromyalgia; he concluded only, that on a particular visit, she didn't show fibromyalgia symptoms. *Compare R. at 311 with R. at 149.* Dr. Shatzer's misstatement, and his misfire on the diagnosis, are important given the emphasis Liberty Life placed on his opinions. *R. 78 & 314.* The plan administrator erred by giving those opinions too much weight. On remand, Liberty Life should reconsider Dr. Shatzer's conclusions with an eye to the objective evidence supporting Hare's diagnosis and undermining Shatzer's conclusions.

**Specialist.** Whether Liberty Life should have consulted a fibromyalgia specialist to review Hare's record is an open question. 29 C.F.R. § 2560.503-

1(h)(3)(iii); *Morgan v. UNUM Life Insurance Co. of America*, 346 F.3d 1173, 1178 (8th Cir. 2003); *Atkinson*, No. 3:05-cv-140-JLH, № 28 at 12-13. Liberty Life is right, to an extent, that there is little objective evidence that needs clarification; many of Hare's test results were within normal ranges. № 21 at 12. But given Hare's diagnosis, and in light of the subjective nature of fibromyalgia pain, a specialist could provide needed clarity, for both parties, about whether Hare's condition is disabling.

* * *

Hare's motion for judgment, № 17, is denied without prejudice. But the Court vacates Liberty Life's decision and remands the claim for further evaluation. Liberty Life should consider Hare's complaints of pain, evaluate her credibility, and determine whether the whole record shows that she is or is not able to perform the material duties of her job.

So Ordered.

*/s/ DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 October 2013