IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RUTH ANN HARE                                                                               PLAINTIFF

v.                                    No. 4:13-cv-87-DPM

LIBERTY LIFE ASSURANCE CO. OF
BOSTON; L'OREAL USA INC.; and
L'OREAL USA LONG TERM DISABILITY
PLAN                                                                                        DEFENDANTS

ORDER

Hare's motion for attorney's fees and costs, № 34, is granted. There's no good reason to wait for a decision on remand. Hare has had some success on the merits—she achieved a comprehensive re-evaluation of her claim, not a remand just to correct some procedural tangle. *Hardt v. Reliance Standard Life Insurance Company*, 560 U.S. 242, 255–56 (2010); *Greenwald v. Liberty Life Assurance Company of Boston*, 932 F. Supp. 2d 1018, 1052 (D. Neb. 2013). The Court sees no bad faith in Liberty Life's denial of long-term benefits to Hare. But all the other *Westerhaus* factors weigh in favor of awarding an attorney's fee and costs. *Lawrence v. Westerhaus*, 749 F.2d 494, 495-96 (8th Cir. 1984)(*per curiam*); *see also Martin v. Arkansas Blue Cross and Blue Shield*, 299 F.3d 966, 972-73 (8th Cir. 2002)(*en banc*). Liberty Life can pay the fee without hardship; awarding a fee will encourage Liberty Life and other plan administrators not to make similar mistakes in other fibromyalgia cases, which should be

recognized as posing special challenges; and Hare prevailed in getting further review for her claim. The parties have agreed on the amount of fees and costs. *№ 37 at 1*. Defendants shall pay Hare and her lawyer the agreed-upon amount by 14 February 2014.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

16 January 2014